Shaw, C. J.
The court are of opinion that the directions of the court of common pleas were right. The court instructed the jury, first to inquire whether the loan was made by the plaintiff to the defendants, on their credit; and there was evidence to warrant the jury in finding that it was so made. If it was, then, by operation of law, the defendants became bound to repay the money, and the note of Centre, received of them by the plaintiff, was merely collateral security. If then it is set up by way of defence to an action to recover the money lent, that such note was taken, it may be answered by proof that the plaintiff, without laches of his own, has realized nothing f-om the note; that it has become due, and is unpaid; that it has not been negotiated, and is now brought in, to be surrendered to the defendants. It being the duty of the maker to pay it without special demand, the production of the note, overdue and unpaid, is de facto proof of dishonor.
The case might present a different question, if it were a note with indorsers, and the responsibility of the indorsers had been *130 lost by want of due diligence; or if the defendants should prove, that with ordinary care the note might have been collected, and, through the laches of the plaintiff, was not.
But it was excepted, and was relied on at the argument, that the promise of the defendants was conditional, and that the jury should have been instructed, that the plaintiff could not recover without proving that Glover & De Wolf did not withdraw their attachment, and that the plaintiff and Centre did not go into partnership. This would undoubtedly be true, if the credit had been given to Centre ; if he was the principal debtor; and if the plaintiff had no claim on the defendants, but by force of their conditional promise. But if the credit was given to them, then they were liable, not on their conditional promise only, but on their implied legal obligation, as debtors, to repay the amount lent to them. This was the question left to the jury; and the court instructed them, that the acceptance of Centre’s note raised a presumption that the credit was given to him, and not to the defendants; but that it was a presumption of fact, which might be rebutted by other evidence ; and it was left to them on the whole evidence.
It was further excepted to the instructions of the court of common pleas, that the jury should have been directed, that the acceptance of Centre’s note was a payment. In Massachusetts, it is held that the acceptance of a negotiable note is prima fade evidence of payment; but it is so held, because such is the pre sumed intention and understanding of the parties. But it is open to proof that it was not so intended and understood ; and then it is not evidence of payment. Here the question was, in effect, submitted to the jury ; because, as the note of Centre was delivered to the plaintiff, at the same time when the loan was made, if it was intended to be on the credit of the defendants, and not of Centre, then his note was not understood and intended to be a payment of the loan ; and this question the jury, on the evidence, decided in favor of the plaintiff.

Exceptions overruled.